NEW-YORK,
May, 1814.

STREETER
v.
HEARSEY.

BISSELL *against* HALL.

*Judgments re-*
*coveredinother*
*states are con-*
*sidered as sim-*
*ple contracts*
*in this state, to*
*which the sta-*
*tute of limita-*
*tions may be*
*pleaded in bar.*

———◦✳◦———

STREETER *against* HEARSEY AND WIFE.

*It is a good*
*cause of chal-*
*lenge to a ju-*
*ror, in a jus-*
*tice's court,*
*that he is not*
*a freeholder of*
*the town in*
*whichthecause*
*is tried. (Act.*
*sess. 36. c. 53.*
*s. 9. 1 N. R.*
*L. 390.)*

IN ERROR, on *certiorari*, from a justice's court. *Hearsey* and his wife sued *Streeter*, before a justice, in *Antwerp*, in the county of *Jefferson;* and issue being joined, a *venire* was issued, at the request of the defendant, to summon a jury. The jury being called, on the return of the *venire*, two of the jurors were objected to by the defendant, on the ground that they were not *freeholders*. One of the jurors stated that he had a freehold in the county of *Otsego*, and the other that he had a freehold in the town of *Rutland*, in *Jefferson* county; and the return stated that they were admitted and sworn as jurors. A verdict was found for the plaintiff, on which the justice gave judgment.

*Per Curiam.* The statute (sess. 36. c. 53. s. 9. 1 *N. R. L.* 391.) requires the jurors in a justice's court to be freeholders of the town where the cause is to be tried. It is not stated positively in what town the cause was tried, but it was certainly tried in the county of *Jefferson,* and it is necessarily to be inferred from the return, that the trial was in the town of *Antwerp.* One of the jurors challenged by the defendant, had his freehold in the county of *Otsego,* and the other in *Rutland,* in *Jefferson* county. Neither of them, therefore, were competent jurors within the act: and it does not appear that the objection was waived. The judgment must be reversed.